UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **SHAWN DAVID STEPP** | **CIVIL ACTION NO. 23-0578** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE DONALD E. WALTER** |
| **ROBERT S. TEW** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Shawn David Stepp, a prisoner at Raymond Laborde Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 30, 2023, under 42 U.S.C. § 1983. He names District Attorney Robert S. Tew as defendant.[1] For reasons that follow, the Court should dismiss Plaintiff's claims without prejudice to his right to file his claims in a court of competent jurisdiction.

### Background

In 1995, a jury found Plaintiff guilty of armed robbery. *State v. Stepp*, 28,868 (La. App. 2 Cir. 12/11/96), 686 So. 2d 76, *writ denied,* 97-0410 (La. 6/30/97). In 2021, Plaintiff filed a motion to correct an illegal sentence before the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana (the 'trial court'). [doc. # 5-1, p. 7].

Suggesting that the trial court denied his motion to correct an illegal sentence, Plaintiff asks this Court to grant him a "certificate of appealability" so his "rights for appeal are fully restored without constraint or consideration for the purpose of litigating his allegations of

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

actual/factual innocence on direct appeal in the 4th Judicial District Court of Louisiana." [doc. #s 5, p. 5; 5-1, p. 2].

Plaintiff filed this proceeding before the United States District Court, Middle District of Louisiana. [doc. # 1]. However, Plaintiff apparently thought he was filing in the "U.S. 5th Circuit Court of Appeal[.]" [doc. # 5-1, p. 1]. On May 2, 2023, the Middle District transferred the proceeding to this Court. [doc. # 8].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Certificate of Appeal

If a state court denied Plaintiff's motion to correct illegal sentence, and if Plaintiff is requesting permission to appeal the state court's ruling here, this Court lacks subject matter jurisdiction. Plainly, this Court is neither a state court nor a court of appeal. Rather, this is a federal district court. *See* 5 U.S.C. § 9007 ("The district courts of the United States have original jurisdiction . . . .").

Generally, a party intending to apply to a Louisiana court of appeal for a writ "shall give notice to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule 4-3." RULE 4-2, UNIFORM RULES OF LOUISIANA COURTS OF APPEAL. "The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the Court of Appeal." *Id.*, Rule 4-3. "Upon proper showing, the trial court or the Court of Appeal may extend the time for filing the application upon the filing of a motion for an extension of the

4

return date by the applicant, filed within the original or an extended return date period." *Id.*

The Louisiana Second Circuit Court of Appeal has appellate jurisdiction over the Fourth Judicial District Court, Ouachita Parish. LA. REV. STAT. § 13:312(2).

Here, this Court should dismiss Plaintiff's request for a certificate of appealability because this Court lacks subject matter jurisdiction.

**3. Mandamus**

"Although the writ of mandamus was abolished by Fed.R.Civ.P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275.

Here, neither District Attorney Robert S. Tew nor the state trial court is "an officer or employee of the United States or any agency thereof." If Plaintiff is asking this Court to order defendant or the state trial court to set a return date for applying for a writ in the state appellate court, this Court lacks subject matter jurisdiction. *See Nabelek v. Collins,* 2002 WL 31017129 (5th Cir. 2002) (federal court lacked authority to issue writ of mandamus directing state court to rule on petitioner's pending motions); *Searcy v. Trochesset*, 2022 WL 3096849, at *3 (5th Cir. Aug. 3, 2022) (finding, where the plaintiff made general requests for intervention in state court criminal proceedings, that the federal district court lacked the "power to direct state officials in

the performance of their duties by way of injunctive relief."); *Sepeda v. Rex*, 72 F. App'x 215 (5th Cir. 2003) (holding that "the district court lacked jurisdiction to order the state courts to assist Sepeda in executing a state court judgment . . . ."); *Rhodes v. Keller*, 77 F. App'x 261 (5th Cir. 2003).[3]

"[A]bsent a specific delegation[,] federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). Plaintiff should raise his concerns before the Louisiana courts. *See generally Alexander v. State of Mississippi*, 655 F. App'x 989, 992 (5th Cir. 2016) ("As to Alexander's due process claim arising from a state judge's alleged refusal to comply with a state court judgment, the plaintiff can seek a writ of mandamus in the state court of appeals.").

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Shawn David Stepp's claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

---

[3] *See also Armenta v. Quarterman*, 2008 WL 2795807, at *1 (S.D. Tex. July 18, 2008) ("Armenta alleges that the Court of Criminal Appeals did not rule on his appeal of the habeas dismissal despite his requests. . . . Armenta seeks an order from this court directing the Court of Criminal Appeals to rule on his appeal or to release him from confinement. . . . Armenta has no right to the relief he seeks in this court. Federal courts are not authorized 'to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.'"); *Gowan v. Keller*, 471 F. App'x 288, 289 (5th Cir. 2012) ("To the extent that Gowan is seeking to have the federal court direct the state court to perform its duties as he wishes, his pleadings were properly construed as a petition for mandamus relief."); *Nowlin v. Stephens*, 548 F. App'x 286, 287 (5th Cir. 2013) (finding that the federal district court properly construed the following as a mandamus petition: petitioner's request to order the state's highest court to, in turn, order the state trial court to "file his postconviction application and brief that it had refused to file . . . ."); *Prestenbach v. Louisiana*, 2008 WL 5391994, at *1 (E.D. La. Dec. 19, 2008) (holding that the court had "no power" to order a state appellate court to provide the plaintiff "ruling on issues surrounding his pretrial commitment . . . .").

this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 27th day of June, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge